# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:09cv20

| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY, ) ) ) Plaintiff/Stakeholder, ) ) v. ) ) DORIS MARTIN THOMPSON AND ) WARLICK FUNERAL HOME, ) ) Defendants/Claimants. ) ) | **ORDER** |

**THIS MATTER** is before the court on its own motion. For the reasons stated herein, the court dismisses this action for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3).

## BACKGROUND

On February 12, 2009, Plaintiff/Stakeholder Union Security Insurance Company ("Union Security") filed the interpleader action now before this court. Union Security is a disinterested stakeholder seeking protection from litigation related to a life insurance policy that it issued for Carroll Wayne Moses, Sr. (the "Policy").

Moses passed away on April 28, 2008, at which time the $13,000 proceeds of the Policy became payable. Decedent named two beneficiaries under the Policy: (1) Doris Martin Thompson and (2) Decedent's granddaughter. According to the terms of the Policy, the proceeds were to be paid in equal shares to each beneficiary. The portion of the proceeds designated for Decedent's granddaughter has been paid, and the balance of the proceeds is now $6,500.

This balance is currently claimed by Doris Thompson as a beneficiary and by Warlick Funeral

1

Home, which claims that Ms. Thompson assigned the proceeds of the Policy to Warlick Funeral Home for the payment of funeral expenses. Union Security claims no interest in the Policy proceeds.

Doris Thompson is a North Carolina resident, and Warlick Funeral Home is located in Lincolnton, North Carolina. Union Security is a Missouri corporation.

## ANALYSIS

A district court can obtain jurisdiction over an interpleader action in one of two ways. First, the case may fall within the provisions of 28 U.S.C. § 1335. Under this statute, district courts have original jurisdiction of interpleader actions where the value of the disputed property is $500 or more and where there is at least minimal diversity between the adverse claimants. In the present case, jurisdiction pursuant to 28 U.S.C. § 1335 is unavailable because the two adverse claimants, Doris Thompson and Warlick Funeral Home, are both citizens of North Carolina. For purposes of 28 U.S.C. § 1335, the citizenship of a disinterested stakeholder such as Union Security is irrelevant. Selective Ins. Co. v. Norris, 209 F. Supp. 2d 580, 582-83 (E.D.N.C. 2002) (citing authorities); see also Treinies v. Sunshine Mining Co., 308 U.S. 66, 71-72 (1939).

Second, a district court will also have jurisdiction over an interpleader action if the case satisfies the diversity jurisdiction requirements of 28 U.S.C. § 1332. Leimbach v. Allen, 976 F.2d 912, 916 (4th Cir. 1992). In the instant case, total diversity exists between the plaintiff, Union Central, and the defendants, Doris Thompson and Warlick Funeral Home. However, the amount in controversy in this case is only $6,500, and this falls far short of exceeding the $75,000 jurisdictional amount required by 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, this court lacks subject matter jurisdiction over this case. Because

there is no diversity of citizenship between the claimants, jurisdiction pursuant to the statutory interpleader of 28 U.S.C. § 1335 is unavailable. Because the amount in controversy is less than $75,000, this court also lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**WHERFORE, IT IS HEREBY ORDERED** that this action be **DISMISSED**.

Signed: June 8, 2009

Richard L. Voorhees
United States District Judge