## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:09cv20

| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY, ) ) ) | |
| Plaintiff/Stakeholder, ) ) | **ORDER** |
| v. ) ) | |
| DORIS MARTIN THOMPSON AND WARLICK FUNERAL HOME, ) ) ) ) | |
| Defendants/Claimants. ) ) | |

**THIS MATTER** is before the court on Plaintiff Union Security Insurance Company's Motion for Reconsideration and Memorandum in Support (Documents #8-9), filed June 12, 2009. For the reasons stated herein, the court vacates its earlier order dismissing the case for lack of subject matter jurisdiction (Document #6), filed June 9, 2009, and reinstates the action in this court.

## BACKGROUND

A concise summary of this case's short history is contained in the court's original order (Document #6) and will not be repeated here. Relevant to the instant order, Plaintiff was the issuer of a life insurance policy ("Policy"), and a portion of the proceeds of this Policy are now disputed by two competing claimants. As a result, Plaintiff instituted this interpleader action, seeking to deposit the policy funds with the court and to discharge itself from liability related to the Policy. In its motion for reconsideration, Plaintiff has brought to the court's attention several facts which it overlooked when considering its order to dismiss. Namely, Plaintiff has shown the court that the Policy was a group policy with the premiums paid by the decedent's employer and that Plaintiff

1

served as the Policy's administrator.

## ANALYSIS

Rule 22 interpleader establishes a procedure whereby a stakeholder may join together in a single case all "[p]ersons with claims that may expose [the stakeholder] to double or multiple liability." FED. R. CIV. P. 22(a)(1). However, this rule is only procedural, and the court must look elsewhere to determine whether subject matter jurisdiction exists. Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir. 2000). In this court's earlier order dismissing the case, the court found that both diversity jurisdiction and statutory interpleader jurisdiction pursuant to 28 U.S.C. § 1335 were lacking. (Document #6.) Although these were the only two bases of federal subject matter jurisdiction alleged in the Plaintiff's complaint, and although Plaintiff has presented no argument in the instant motion that disputes these findings, Plaintiff now argues that ERISA grants subject matter jurisdiction and urges the court to reconsider its order dismissing the case.

In the present case, a copy of the Policy is attached to Plaintiff's complaint as Exhibit B. Exhibit B establishes that the Policy was paid for by the decedent's employer and that the Policy provided benefits to the decedent's beneficiaries upon the decedent's death. As such, the Policy qualifies as an ERISA "employee welfare benefit plan." 20 U.S.C. § 1002(1).

Exhibit B also establishes that Plaintiff was the plan administrator. A plan administrator qualifies as a "fiduciary" under ERISA, Bayona, 223 F.3d at 1033 (citing cases), and an ERISA fiduciary is empowered to bring a civil action in federal court for the purpose of enforcing the terms of the plan. 29 U.S.C. § 1132(a)(3)(B)(ii). Thus, 29 U.S.C. § 1132(a)(3)(B)(ii) grants subject matter jurisdiction to a district court in cases where an ERISA fiduciary brings an interpleader action to determine the proper beneficiary of an ERISA plan. Atwater v. Nortel Networks, Inc., 388 F. Supp.

2d 610, 616 (M.D.N.C. 2005) (citing cases). Since the present case falls squarely within this category of cases, this court has subject matter jurisdiction over the instant action.

## CONCLUSION

A district court may grant a motion to alter or amend a judgment pursuant to FED. R. CIV. P. 59(e) if necessary to correct a clear error of law, Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993), and the court finds that such an error was made in this case.

**WHEREFORE, IT IS HEREBY ORDERED** that the court's previous order dismissing this case for lack of subject matter jurisdiction (Document #6), and the clerk's judgment entered in accordance with that order (Document #7), are **VACATED**.

**IT IS FURTHER ORDERED** that this action is **REINSTATED** in this court.

Signed: July 2, 2009

Richard L. Voorhees
United States District Judge