**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv20**

| | | |
|---|---|---|
| **UNION SECURITY INSURANCE COMPANY,** | ) | |
| Plaintiff/Stakeholder, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **DORIS MARTIN THOMPSON and WARLICK FUNERAL HOME,** | ) | |
| Defendants/Claimants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Union Security Insurance Company's

("Union Security") Complaint for Interpleader (Document #1), filed February 27, 2009, Motion for

Entry of Judgment and Final Decree of Interpleader (Document #5), filed June 5, 2009, and Renewed

Motion for Entry of Judgment and Final Decree of Interpleader (Document #11), filed July 6, 2009.

After an examination of the Complaint, Motion, and applicable statutes,

**THE COURT FINDS AS FOLLOWS:**

1.    This Court has subject matter jurisdiction of this case.  See (Document #10.)

2.    This Court has personal jurisdiction over all parties, and venue is proper because both

      claimants reside in Lincoln County, North Carolina.

3.    Carroll Wayne Moses, Sr., the deceased, was insured under a Union Security Group

      Term Life Insurance Policy, Policy Number G 4,044,740.

4.    On April 26, 2008, Carroll Wayne Moses, Sr., died.

5.    Under the terms of the policy and as a result of decedent's death, Union Security

      became obligated to pay the sums due under the policy in the amount of $13,000.00

plus interest. ("Proceeds").

6.     Decedent named two beneficiaries under the policy, Doris Martin Thompson, a friend, and D.B.M. aka B.E.T., his granddaughter.

7.     The portion designated for D.B.M. aka B.E.T., half of the Proceeds, was deposited with the Clerk of the Superior Court for the Estate of D.B.M. aka B.E.T., in the Lincoln County General Court of Justice, in the State of North Carolina, pursuant to an Authorization from the Clerk of the Superior Court. This portion of the disposition appears to be uncontested.

8.     The balance of the Proceeds is $6,500.00, plus any applicable interest on that sum.

9.     Ms. Thompson, as beneficiary, has asserted a claim with Plaintiff for the balance of the Proceeds.

10.    The services of Warlick Funeral Home were utilized for decedent's funeral. Warlick Funeral Home has also asserted a claim with Plaintiff for the balance of the Proceeds, alleging that Ms. Thompson assigned her portion of the Proceeds to them for payment of funeral expenses.

11.    Claimants Doris Martin Thompson and Warlick Funeral Home have competing claims to the balance of the Proceeds, and Union Security cannot safely pay the balance of the Proceeds to any person or entity without exposing itself to multiple litigation or multiple liability or both.

12.    Neither Doris Martin Thompson nor Warlick Funeral Home have responded to Union Security's Complaint for Interpleader Relief within the time prescribed by FED. R. CIV. P. 12(a)(1)(A)(i).

**IT IS, THEREFORE, ORDERED THAT:**

1.  Union Security is granted leave to deposit with the Court its admitted liability in the amount of $6,500.00 plus accrued interest.

2.  Upon deposit of said benefits and interest into the registry of the Court, the claimants and all other parties in this case and each of them, are currently and perpetually restrained and enjoined from instituting or prosecuting any proceedings against Union Security in any way relating to the policy or any of its insurance proceeds. Said injunction shall issue without bond or a surety.

3.  Upon deposit of said benefits and interest into the registry of the Court, Union Security is excused from further attendance at this cause and is dismissed from this case with prejudice, and the remaining claimants and other parties to this case, and each of them, shall litigate their claims and contentions regarding the subject balance of life insurance proceeds without further involving Union Security.

4.  Upon deposit of said benefits and interest into the registry of the Court, the United States Marshal Service shall personally serve this Order upon the claimants. Upon execution of this service, return of service shall be made to this Court.

5.  Upon deposit of said benefits and interest into the registry of the Court, and within thirty (30) days after the service of this Order, Defendants are **ORDERED** to appear and interplead in this action in connection with their respective rights in the subject matter and res here in controversy, and as fully appears in the Complaint.

**SO ORDERED.**

Signed: July 10, 2009

Richard L. Voorhees
United States District Judge