IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09cv20

| | |
|---|---|
| UNION SECURITY INSURANCE COMPANY,<br>      Plaintiff/Stakeholder,<br><br>v.<br><br>DORIS MARTIN THOMPSON and WARLICK FUNERAL HOME,<br>      Defendants/Claimants. | **ORDER** |

**THIS MATTER** is before the Court on its own motion. This is an interpleader action filed by Plaintiff Union Security Insurance Company. On July 13, 2009, the Court granted Union Security's motion to allow deposit of the proceeds of a life insurance policy issued to Carroll Wayne Moses, Sr. into the Court's registry and dismissed Union Security from the case. (Document #12). In its Order granting interpleader, the Court also required the claimants to make an appearance and to file an answer to the complaint of interpleader asserting their interests in the policy funds. Both claimants have failed to so act. However, Union Security has since provided the Court with a notarized letter from Claimant Doris Martin Thompson relinquishing her claim to the policy funds. (Document #14). In addition, the administrator of Moses's estate, L. Dave Warlick, III, has recently filed a letter with the court (Document #15) requesting that all proceeds of the insurance policy be released to Moses's estate. L. Dave Warlick, III is also affiliated with Warlick Funeral Homes, the other claimant in this case.

**FACTUAL BACKGROUND**

Decedent Moses passed away on April 28, 2008, at which time the $13,000 proceeds of the Policy became payable. Decedent named two beneficiaries under the Policy: (1) Doris Martin

1

Thompson and (2) Decedent's granddaughter. According to the terms of the Policy, the proceeds were to be paid in equal shares to each beneficiary. The portion of the proceeds designated for Decedent's granddaughter has been paid, and the balance of the proceeds is now $6,916.09, plus applicable interest.

At the time the complaint of interpleader was filed, this balance was claimed by Doris Thompson as a beneficiary and by Warlick Funeral Home. Warlick Funeral Home petitioned Union Security for the Policy Funds on the grounds that Ms. Thompson had assigned the proceeds of the Policy to Warlick Funeral Home for the payment of decedent's funeral expenses. Attached to the complaint in this case, Union Security filed a copy of Warlick Funeral Home's demand letter, which also included the purported assignment from Thompson to Warlick Funeral Homes. That document states that Thompon, as "beneficiary of Carroll Wayne Moses, Sr." under "Policy #4044740 in the amount of $6,623.10 do hereby assign all proceeds of the above policy to Warlick Funeral Home." In addition, the notarized letter from Thompson that was subsequently provided to the Court by Union Security affirms that Thompson "wish[es] to withdraw [her] dispute regarding the assignment of [her] portion of the proceeds to Warlick Funeral Home" and further that she "agree[s] to waive any and all claims . . . to any life insurance proceeds under Policy No. 4044740 insuring the life of Wayne Moses and [she] affirms that the signature on the assignment of such proceeds to Warlick Funeral Homes is, in fact, [her] valid signature."

In light of these documents, the Court finds that Thompson did in fact assign her share of the proceeds of the Policy to Warlick Funeral Home. Although the amount of the proceeds stated on the Assignment is less than the amount currently held in the Court's registry, the Court finds that the assignment unambiguously grants "all proceeds of the [named] policy" to Warlick Funeral Homes, and that the amount stated is descriptive rather than restrictive.

The Court further finds that Moses's estate is not a beneficiary of the original life insurance policy and has no claim to the proceeds. See Combs v. Eller, 30 N.C. App. 30, 33 (N.C. Ct. App. 1976) (holding that life insurance proceeds pass outside of a decedent's estate and cannot be claimed by the estate for the payment of debts).

**WHEREFORE**, for the foregoing reasons, the Clerk of Court is directed to disburse all of the Policy Funds in the court's registry to Warlick Funeral Homes.

**SO ORDERED**.

Signed: April 20, 2010

Richard L. Voorhees
United States District Judge